DOLAN, f.k.a. Carey, Appellant,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.

[Cite as *Dolan v. Gen. Motors Acceptance Corporation* (2000), 137 Ohio App.3d 668.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75315.

Decided May 22, 2000.

*Hermann, Cahn & Schneider, Anthony J. Hartman, Romney B. Cullers* and *Jay H. Salamon;* and *James Deroche,* for appellant.

*Zeiger & Carpenter, Michael Carpenter* and *Michael N. Beekhuizen,* for appellee.

ANNE L. KILBANE, Judge.

Appellant Shannon Dolan, f.k.a. Shannon Carey, claims that Judge Timothy J. McGinty erred in granting summary judgment in favor of appellee General Motors Acceptance Corporation ("GMAC") on her class action suit seeking the recovery of additional sums resulting from the security deposit she gave GMAC under a contract for the lease of a motor vehicle. She further claims as error the judge's denial of her motion for summary judgment because she contends that the deposit is collateral in which GMAC has a security interest, it profited from the deposit, and she never waived the application of R.C. 1309.18. We disagree and, in accord with *Knight v. Ford Motor Credit Co.* (1999), 135 Ohio App.3d 732, 735 N.E.2d 513, we affirm.

Substantial facts are not in dispute. In September 1990, Dolan leased a 1990 Geo Prizm from Fairchild Chevrolet, Inc. of Lakewood, Ohio, and paid Fairchild Chevrolet a $250 security deposit, the first month lease payment of $225.90, and a title fee of $64.25. The lease provided:

"A refundable security deposit is part of the payment you make when you sign this Lease. Lessor will deduct from the security deposit any amounts you owe under this Lease and do not pay. If any part of the security deposit is left, Lessor will refund that part to you after the end of the Lease."

Under the terms of the lease, Dolan acknowledged that Fairchild Chevrolet would assign the lease to GMAC, and agreed to make forty-seven monthly payments of $225.90 directly to GMAC.

Fairchild Chevrolet did not physically transfer Dolan's security deposit of $250 to GMAC when it assigned the lease; rather, it credited that amount against GMAC's purchase of both the lease and the vehicle. GMAC then credited the $250 as an account payable to Dolan in order to record the debt that reflected its future obligation to refund her security deposit. When the lease ended four years later, GMAC paid Dolan her $250 security deposit.

On March 17, 1997, Dolan filed this class action complaint,[1] seeking for herself and other GMAC lessees the increase or profit GMAC allegedly gained and also retained, in violation of R.C. 1309.18, from its use of a security deposit during the term of the lease. On April 2, 1997, Dolan filed a motion requesting class certification, which was still pending in October 1997 when she filed a motion for partial summary judgment on liability only. GMAC then filed its motion for summary judgment. In an order journalized on December 15, 1997, the judge denied both motions but indicated that he would "reconsider the issue if neces-

---

1. Two other original plaintiffs, Kerry S. Volsky and Hyde Products, Inc., voluntarily dismissed their claims pursuant to Civ.R. 41(A)(1) on May 29, 1997 and January 6, 1998, respectively.

sary upon presentation of sufficient evidence." Throughout 1998, the parties filed additional authority supporting the respective positions of each on class certification.

On September 1, 1998, the judge entered summary judgment in favor of GMAC, specifically finding:

"Ohio Revised Code § 1309.18 is not applicable to the security deposit paid by plaintiff Shannon Dolan for the lease of a General Motors vehicle. * * * Absent legislation to the contrary, this court will follow the majority of courts by treating the security deposit herein as a debt that would not require interest to be paid to the debtor."

In concluding that R.C. 1309.18 did not apply, the judge declined to determine whether GMAC received an increase or profit from Dolan's security deposit.

Dolan's sole assignment of error states:

"The trial court erred in granting GMAC's motion for summary judgment and denying plaintiff's motion for summary judgment."

Dolan's basic argument is that GMAC must credit her with any "increase profit" earned on her security deposit in accordance with R.C. 1309.18(B)(3), which provides:

"Unless otherwise agreed, when collateral is in the secured party's possession * * * the secured party may hold as additional security any increase or profits, except money, received from the collateral, but money so received, unless remitted to the debtor, shall be applied in reduction of the secured obligation * * *."

She contends that the security deposit is "collateral" as defined in R.C. 1309.01(A)(3), *i.e.*, "property subject to a security interest," in which GMAC has a perfected, possessory "security interest" as defined in R.C. 1301.01(KK)(1), *i.e.*, "an interest in personal property or fixtures that secures payment or performance of an obligation." She also argues that, as a result of holding her security deposit as collateral over the four-year life of the lease, GMAC derived profits from its free use of the funds. Finally, Dolan asserts that GMAC failed to show that she agreed to forgo the receipt of any increase or profit attributable to GMAC's possession of the deposit.

GMAC counters that a security deposit is a "debt" rather than a "pledge" of collateral and that R.C. 1309.18 does not govern security deposits given in conjunction with an automobile lease. It also asserts that, even if a security deposit is "collateral" under R.C. 1309.18(B)(3), it never received these funds.

Moreover, GMAC argues, even if it had received the security deposit, it had no interest-bearing accounts, only non-interest bearing bank accounts.[2]

■ This court reviews the grant of summary judgment *de novo*, applying the same standard as that applied by the trial judge. *Druso v. Bank One of Columbus* (1997), 124 Ohio App.3d 125, 131, 705 N.E.2d 717, 720–721. A judge may grant a motion for summary judgment pursuant to Civ.R. 56(C) when the following elements are satisfied:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; accord *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204.

■ Based upon our decision in *Knight v. Ford Motor Credit Co., supra,* we hold that a security deposit does not create a security interest, *i.e.,* a "pledge," because a conclusion to the contrary derogates from the common-law principle that a security deposit creates only a debt. *Knight, supra,* at 738, 735 N.E.2d at 517. Therefore, a security deposit paid in conjunction with an automobile lease does not constitute "collateral" (as defined in R.C. 1309.01[A][3] ) for the purposes of R.C. 1309.18(B)(3), which would require the payment of "increase or profits" gained by the lessor during the term of the lease. As we noted in *Knight,*

"Ohio * * * [has] legislation under R.C. Chap. 1310 dealing specifically with leases, yet the General Assembly did not address the topic of interest or profits on security deposits. If the General Assembly intended that the lessor be obligated to pay the lessee any interest or profits on security deposits it would have made provisions for same in this chapter. When the General Assembly has intended to impose an obligation to pay interest on security deposits, it has done so explicitly and not in an oblique manner as the plaintiff contends was done in R.C. 1309.18. See R.C. 5321.16 (requiring a five percent per annum interest payment of real property lease security deposits under certain conditions); R.C. 3733.18 (requiring five percent per annum interest payment on security deposits for manufactured home park, marina, and agricultural rental agreements under

---

2. GMAC claims that Dolan is precluded from arguing that the judge erred in denying her motion for partial summary judgment because she did not appeal from the December 15, 1997 order denying her motion. Because we affirm the judge's grant of summary judgment in favor of GMAC, any question regarding the propriety of the denial of Dolan's motion for partial summary judgment is moot.

certain conditions); R.C. 4517.27 (requiring licensed manufactured home brokers to maintain trust bank accounts that are noninterest bearing for security deposits). Therefore, we conclude that it was not the legislative intent that the lessors of automobile leases be obligated to pay the lessee interest or profits earned on the security deposits. See *Korens v. R.W. Zukin Corp.* (1989), 212 Cal.App.3d 1054, 1058, 261 Cal.Rptr. 137, 139 (refusing to create by judicial fiat 'a law requiring the payment of interest on security deposits when the legislature has declined to do so.')" *Knight,* 135 Ohio App.3d at 736–737, 735 N.E.2d at 516.

In other words, even if GMAC, as lessor, held a possessory interest in the funds, the law does not obligate it to pay to a lessee interest or profits it earned on these deposits. Dolan's assignment of error is therefore overruled.

*Judgment affirmed.*

DYKE, A.J., and MICHAEL J. CORRIGAN, J., concur in judgment only.